IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONSUELLA Z. PETTY and ALEXANDER E. COLES III | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civ. Action No. 10-054-GMS<br>) |
| DELAWARE RIVER & BAY AUTHORITY, JAMES JOHNSON, JAMES WALLS, and STEPHEN WILLIAMS, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiffs Consuella Z. Petty ("Petty") and Alexander E. Coles III ("Coles") (together "the plaintiffs") filed this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5. (D.I. 3.) They appear *pro se* and have been granted leave to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915.

## I. BACKGROUND

Coles submitted a grievance complaining of racial discrimination by his superiors at the Delaware River & Bay Authority ("DRBA").[1] Petty advised Coles of his rights and assisted with the grievance. She also informed the DRBA superiors of the discriminatory conduct. Coles and Petty allege that the DRBA retaliated against them by terminating their employment. Named as the defendants are the DRBA; DRBA Executive Director James Johnson ("Johnson"), Chief

---

[1] The DRBA is a bi-state government agency created by Compact in 1962 between the States of Delaware and New Jersey. http://www.drba.net/AbouttheDRBA/Compact.aspx

Operations Officer James Walls ("Walls"), and Stephen Williams ("Williams") who was Coles' supervisor.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because the plaintiffs proceeds *pro se*, their pleading is liberally construed and their complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before

dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant the plaintiffs leave to amend their complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiffs have a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege the plaintiffs' entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

## III. DISCUSSION

The complaint is filed pursuant to 42 U.S.C. § 2000e-5 and alleges race discrimination/retaliation. The Title VII claims raised against the individual defendant employees must be dismissed inasmuch as individual employees cannot be held liable for discrimination under Title VII. *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996). Accordingly, the court will dismiss the Title VII claims brought against the individual employees of the DRBA - Johnson, Walls, and Williams.

## IV. CONCLUSION

For the above stated reasons the court will dismiss the Title VII claims brought against Johnson, Walls, and Williams as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The plaintiffs will be allowed to proceed against the DRBA.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

May 15, 2010
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONSUELLA Z. PETTY and ALEXANDER E. COLES III<br><br>Plaintiffs,<br><br>v.<br><br>DELAWARE RIVER & BAY AUTHORITY, JAMES JOHNSON, JAMES WALLS, and STEPHEN WILLIAMS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. Action No. 10-054-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

At Wilmington this 25th day of May, 2010 for the reasons set forth in the Memorandum issued this date,

IT IS ORDERED that:

1. The Title VII claims against James Johnson, James Walls, and Stephen Williams are **dismissed** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). James Johnson, James Walls, and Stephen Williams are dismissed as defendants.

2. The plaintiffs will be allowed to proceed against the defendant Delaware River & Bay Authority.

IT IS FURTHER ORDERED that:

1. Pursuant to Fed. R. Civ. P. 4(c)(3), (d)(1), and (j)(2) the plaintiffs shall complete and provide to the Clerk of Court an original "U.S. Marshal-285" forms for remaining defendant Delaware River & Bay Authority, as well as its chief executive officer, Executive Director James Johnson; the Attorney General of the State of Delaware, 820 N. French Street, Wilmington,

Delaware, 19801, pursuant to 10 Del. C. 10 § 3103(c); and the Attorney General of the State of New Jersey, Hughes Justice Complex, 25 Market Street, Trenton, New Jersey 08625, pursuant to N.J. Ct. R. 4:4-4(a)(7). **Additionally, the plaintiffs shall provide the court with copies of the complaint (D.I. 3) for service upon the Delaware River & Bay Authority, its chief executive officer, the Attorney General of the State of Delaware, and the Attorney General of the State of New Jersey. Furthermore, the plaintiffs are notified that the United States Marshal Service ("USMS") will not serve the complaint until all "U.S. Marshal 285" forms have been received by the Clerk of Court.** Failure to provide the USM-285 form and copies of the complaint within 120 days from the date of this order may result in the complaint being dismissed or defendant being dismissed pursuant to Federal Rule of Civil Procedure 4(m).

    2. Upon receipt of the form(s) required by paragraph 1 above, the USMS shall forthwith serve a copy of the complaint (D.I. 3), this order, a "Notice of Lawsuit" form, and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form. All costs of service shall be advanced by the United States.

    3. For each defendant who does not return an executed "Waiver of Service of Summons" form within thirty (30) days from the date that the "Notice of Lawsuit" and "Return of Waiver" forms were sent, plaintiff must complete a summons and submit the completed summons to the Clerk of Court for issuance. The plaintiffs shall also provide to the Clerk of Court completed, original "U.S. Marshal-285" form(s) as set forth in paragraph 1 and copies of the complaint for service. Upon issuance of the summons by the Clerk of Court, the USMS shall personally serve said defendant(s) and said defendant(s) shall be required to bear the costs related to such service,

unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

4. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

5. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

_____
CHIEF UNITED STATES DISTRICT JUDGE